**UNITED STATES of America, Plaintiff,**

**v.**

**Charles H. RUDGE, Jr., Defendant.**

**Crim. No. 79–82.**

United States District Court,
S. D. Iowa.

July 26, 1979.

. . .

Terry Wright, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff.

Samuel Zelden, Des Moines, Iowa, for defendant.

## RULINGS ON MOTIONS AND JUDGMENT OF ACQUITTAL

VIETOR, District Judge.

On July 5, 1979, the undersigned Judge heard oral arguments of counsel in respect to defendant's motion to dismiss Counts 1, 2, 3 and 4 of the indictment. Subject to the ruling on the motion to dismiss, Count 3 was tried before the Court sitting without a jury on July 9, 1979, a jury trial having been waived pursuant to the provisions of Rule 23(a). All of the evidence was stipulated. Defendant moved for judgment of acquittal.

## RULING ON MOTION TO DISMISS

■ A motion to dismiss challenges the sufficiency of the face of the indictment. An automobile title certificate is a security within the meaning of 18 U.S.C. § 2314. *United States v. Elliott*, 571 F.2d 880, 907–08 (5th Cir. 1978). The Court is not satisfied that the charging language of Counts 1, 2, 3 and 4 is legally insufficient. The motion to dismiss those counts is overruled.

## FINDINGS OF FACT

The evidence was stipulated and the Court finds the facts to be as reflected by the stipulated evidence and as reflected in the exhibits introduced.

## RULING ON MOTION FOR JUDGMENT OF ACQUITTAL

■ Defendant is charged with violating the portion of section 2314 making it a felony offense for one, with unlawful or fraudulent intent, to transport in interstate commerce any falsely made or forged security, knowing the same to have been falsely made or forged. The legal issue to which the motion for judgment of acquittal is addressed is whether under the undisputed facts the automobile title certificate was falsely made or forged.

The factual essence of this case giving rise to the legal issue is that defendant caused an odometer mileage statement to be presented to the Polk County Treasurer falsely representing the "true mileage" of the used motor vehicle to be substantially lower than it actually was, resulting in the Treasurer issuing a new certificate of title (the transported security) bearing on its face as "mileage" the false figure.

The pertinent portions of Iowa Code § 321.71 provide:

1. For the purposes of this section the following words and phrases shall have the meanings respectively ascribed to them:

\* \* \* \* \* \*

b. "True mileage" is the actual mileage the motor vehicle has been driven.

\* \* \* \* \* \*

7. As to motor vehicles of a model year subsequent to the model year 1968 which were equipped with an odometer by the manufacturer, no certificate of title shall be issued unless an odometer statement which is in compliance with federal law and regulations has been made by the transferor of such vehicle and is furnished with the application for certificate of title. The new certificate of title shall record on the face thereof the odometer reading and if the odometer reading is not the true mileage or the true mileage is unknown, then the word "unknown" shall be recorded.

The Government admits that the title certificate was not forged, but contends that it was "falsely made." Page 3, lines 7–8, Government's trial brief, filed July 16, 1979.

"As a general rule, penal statutes must be strictly construed. *See, e. g., Yates v. United States*, 354 U.S. 298, 304, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957)." *United States v. Freeman*, 473 F.2d 7, 9 (8th Cir. 1973).

The certificate is a genuine certificate of title for the motor vehicle. The false information it contains concerning the mileage of the motor vehicle does not impair its genuineness as the certificate of title for the motor vehicle. The certificate will serve its primary legal purposes of proof of ownership of the motor vehicle (Iowa Code § 321.45(2)(a)(d)), and means of transferring ownership of the motor vehicle (Iowa Code § 321.45). The Government's contention that the certificate of title is not authentic because the Treasurer lacked authority to issue the certificate because Iowa Code § 321.71(7) provides that "no certificate of title shall be issued unless an odometer statement which is in compliance with federal law and regulation has been made by the transferor of such vehicle and is furnished with the application for certificate of title" is without merit. This provision of law is obviously directory, and does not operate to render the issued certificate a nullity if the odometer statement is false. To hold otherwise would add serious legal insult to the injury suffered by a good faith purchaser by depriving him of *ownership* of the vehicle, thus parlaying the odometer fraud into a title fraud. Such is not the intent of the statute.

It is the Court's conclusion that the title certificate was not "falsely made." What occurred was the creation of a *genuine* security instrument that contained a false statement of fact. Such a security instrument is not "falsely made" within the meaning of section 2314. A "falsely made" instrument is one that is not genuine. *United States v. Jones*, 553 F.2d 351, 355 (4th Cir. 1977); *Marteney v. United States*, 216 F.2d 760, 763 (10th Cir. 1954); *Pines v. United States*, 123 F.2d 825, 828–29 (8th Cir. 1942).

Defendant's conduct may constitute other federal and state offenses, but it does not constitute the offense charged.

Defendant's motion for judgment of acquittal is sustained, and judgment of acquittal of the offense charged in Count 3 is hereby entered.

### APPENDIX

Meg Nichols if called would testify as follows. That she is a secretary in the Corporation Division of the Secretary of State's Office for the State of Iowa with offices at State Capitol in Des Moines, Iowa. That her office is responsible for the care, custody, and control of all the Articles of Incorporation filed therein. That upon searching her records, she finds a corporation named Crossroads Motors Limited with the Articles of Incorporation filed on March 26, 1974, showing the registered agent of the corporation as Charles H. Rudge, Jr.,

with a local address of 3506 Valdez Drive, Des Moines, Iowa. That the records also indicate that Charles H. Rudge, Jr. is President, Vice-President, Secretary and Treasurer of Crossroads Motors, Ltd. That she is the custodian of these records. That these records are kept in the course of regularly conducted business and are made at or about the time of the filing of the Articles of Incorporation.

Larry D. Peterson, 709 2nd Avenue, S.E., Altoona, Iowa. If called Mr. Peterson would testify that he was employed in October of 1977 for Eastman Kodak Company. That Eastman Kodak furnished him a car for his work. The particular car that he had in October of 1977 was a copper colored 1975 Ford LTD with Vehicle Identification Number 5P63H115986. That Eastman Kodak leased this car from D. L. Peterson Trust. That in October of 1977 he recalls from his mileage records and his own knowledge that the car had approximately 66,912 miles on it. That the car was due for a trade-in and that he took the car to Charles Gabus Ford in Des Moines where he turned it in and received a new Ford Fairmont. At the time that he turned the 1975 Ford LTD in it had approximately 66,912 miles on it. That these were the actual miles on the vehicle as he had driven it since 1974 when it was new.

Doyle Hawbaker if called would testify that he is the office manager for Charles Gabus Ford at 4545 Merle Hay Road, Des Moines, Iowa. That his records reflect that in October of 1977 Eastman Kodak Company and D. L. Peterson Trust traded in a 1975 Ford, VIN 5P63H115986, for a new Ford Fairmont. That Gabus took the trade-in on the 1975 Ford and when it was traded in it had approximately 66,900 miles on it. That on behalf of Eastman Kodak and D. L. Peterson Trust, said car was sent to the Central States Auto Auction at 824 S. Taft Street, Mason City, Iowa, for auction.

Sam Holtzman if called would testify that he, along with Herman Anderson, run the Central State's Auto Auction at 825 S. Taft in Mason City, Iowa. That he has

checked his records which indicate that the auto auction sold on behalf of Eastman Kodak, D. L. Peterson Trust and Charles Gabus Ford a 1975 Ford vehicle, VIN 5P63H115986 to Crossroads Motors, Ltd., Des Moines, Iowa, on November 14, 1977. That his records further reflect that when the vehicle was sold through the auction it had just over 67,000 miles on it. That he knows Charles H. Rudge, Jr. and knows that he is from Des Moines, is in the used car business and operates under the name of Crossroads Motors, Ltd.

Herman Anderson if called would testify that he along with Sam Holtzman run the Central States Auto Auction at 824 S. Taft in Mason City, Iowa. That the records reflect that they handled a 1975 Ford LTD, VIN 5P63H115986 for Charles Gabus Ford, Eastman Kodak and D. L. Peterson Trust, that the car was sold through the auction on November 14, 1977. That the car was sold to Charles H. Rudge, Jr., doing business as Crossroads Motors, Ltd., from Des Moines, Iowa. That when a car is transferred through the auction with the auctioneer acting as an agent for Charles Gabus Ford, Eastman Kodak and D. L. Peterson he inspects the mileage on the car and fills out the Iowa form for odometer mileage statements. That he can identify *Plaintiff's Exhibit No. 1* which is a copy of the odometer mileage statement for the vehicle in question and that he represented on that odometer mileage statement that the vehicle had 67,036 miles. That he filled out this statement on or about November 14, 1977 and gave the original to Charles H. Rudge, Jr. That the sale price of the vehicle was $1,550.

Margaret A. Grant if called would testify that she is the second Deputy Polk County Treasurer and as such she is in charge of all motor vehicle records including title applications, titles and all documents relevant thereto. That she has care, custody, and control of these documents. That the records are kept in the regular course of business and are accurate. That when a Polk County title is applied for by an individual it is necessary under Iowa Law to furnish

an odometer mileage statement signed by the former owner or transferor of the vehicle or his agent and the title to the vehicle indicating that the vehicle has been transferred to the person making application for the title. That on the odometer mileage statement is represented the amount of miles on the vehicle at the time of the transfer and assignment of the title. That she has searched her records and finds that Title No. 00–H03697 is a Polk County title issued to Eastman Kodak Company for title to a 1975 Ford, VIN 5963H115986. That she would identify the original title as *Plaintiff's Exhibit No. 2.* Her records further show that the title to this vehicle was assigned to Crossroads Motors Ltd. of Des Moines, Iowa on November 14, 1977. That her records further show that on November 16, 1977 Polk County title No. 77–80117566 was issued to Crossroads Motors Ltd. for a 1975 Ford, VIN 5963H115986. That she will identify the *Plaintiff's Exhibit No. 3* as the new title issued to Crossroads Motors Ltd. That her records further show that when the old title was presented for a new title in the name of Crossroads Motors Ltd., that an odometer mileage statement was presented with it for this particular vehicle representing a mileage of 37,036 miles. That she would identify the odometer mileage statement as *Plaintiff's Exhibit No. 4.* That based upon that representation the new title issued to Crossroads Motors Ltd. showing Eastman Kodak as the previous owner, showed a mileage of 37,036 miles as represented by the odometer mileage statement.

Hubert W. Monsky will testify that he is the owner and operator of Omaha Auto Auction, Inc., of 7835 F Street, Omaha, Nebraska and that in searching his records they indicate an invoice for a 1975 Ford LTD with an odometer reading of 37,351 miles and the last four digits of the VIN being 5986 being transferred through his auto auction on January 12, 1978. That the seller or transferor of the car was Crossroads Motors, Ltd. of Des Moines, Iowa and that said vehicle was sold to Dick Grace of Dick Grace Ford, Inc., in Plainview, Nebraska.

Dick Grace if called would testify that he is President of Dick Grace Ford, Inc., in Plainview, Nebraska, and that on January 12, 1978 he was at the Omaha Auto Auction, Omaha, Nebraska, and purchased a 1975 Ford LTD with Vehicle Identification Number 5963H115986. That he purchased this vehicle through the auction from Crossroads Motors, Ltd. in Des Moines, Iowa. That when he purchased the vehicle he purchased it on the basis that it was a low mileage vehicle with the odometer showing 37,351 miles. He then titled this vehicle in the name of Dick Grace Ford. That he can identify *Plaintiff's Exhibit No. 5* as the copy of the Nebraska title that was issued to him for the vehicle. That Charles Rudge represented to him on the odometer statement, which he can identify as *Plaintiff's Exhibit No. 6.* That Rudge personally delivered *Plaintiff's Exhibit No. 3* to him in Omaha on January 12, 1978. That the vehicle had 37,351 miles registered on the odometer. That he paid $2,290 for said vehicle which was at that time a fair market value for that vehicle with 37,351 miles. That the same vehicle with 67,000 miles would not have a fair market value of $2,290 but would be less. That he later sold this car to some people in Nebraska. That Iowa title, *Plaintiff's Exhibit No. 3* was assigned to him by Charles H. Rudge, Jr., on January 12, 1978 in Omaha, Nebraska.