UNITED STATES of America, Appellee,

v.

Alvin C. DAVIS, Jr., Dennis H. Smith,
Raymond John Moskal, Sr.,
Appellants.

Nos. 89–5233 through 89–5235.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 12(6)
Sept. 12, 1989.

Decided Oct. 18, 1989.

William J. Garber, Washington, D.C., for appellant Alvin C. Davis.

William P. Robinson, Jr., Robinson, Zaleski & Lindsey, Norfolk, Va., for appellant Dennis Smith.

Dennis M. Hart, Washington, D.C., for appellant Raymond John Moskal.

James J. West, U.S. Atty., Kim Douglas Daniel, Asst. U.S. Atty., Harrisburg, Pa., for appellee.

Before LUMBARD, CARDAMONE and MAHONEY, Circuit Judges.*

PER CURIAM.

Alvin C. Davis, Jr., Dennis H. Smith and Raymond John Moskal, Sr. appeal from judgments of conviction entered March 20, 1989 for conspiracy, 18 U.S.C. § 371 (1982), to commit interstate transportation of falsely made securities, 18 U.S.C.A. § 2314 (West Supp.1989), and to utter counterfeit state securities, 18 U.S.C. § 513 (Supp. V 1987), and for substantive counts of interstate transportation of falsely made securities, 18 U.S.C. §§ 2314 and 2 (1982), and uttering of counterfeit state securities, 18 U.S.C. §§ 513 and 2 (1982), in the Middle District of Pennsylvania (Caldwell, J.). Davis was sentenced to three years imprisonment and fined $5,000, Smith was sentenced to two years imprisonment and fined $2,500 and Moskal was sentenced to six months incarceration, followed by three years probation and 100 hours of communi-

---

* Hon. J. Edward Lumbard, Hon. Richard J. Cardamone, Hon. J. Daniel Mahoney, U.S. Circuit Judges for the Second Circuit, sitting by designation.

ty service. Upon designation by the Chief Justice of the United States, the members of this panel were assigned to serve as a panel of the Third Circuit Court of Appeals for purposes of determining this appeal. *See* 28 U.S.C. § 291(a) (1982). The designation was made following the recusal of the judges of the Third Circuit. Appellate jurisdiction is conferred by 28 U.S.C. § 1291 (1982).

## FACTS

Appellants were convicted for conspiring with others to alter the high mileage figures on certificates of title for approximately 300 automobiles and to obtain "washed" Commonwealth of Virginia titles bearing false, low mileage figures for those automobiles. The false mileage figures corresponded with the rolled-back odometer readings found on the instrument panels of the various automobiles.

During the period of the conspiracy from December 1984 through July 1985, appellant Davis was the owner of Al Davis Enterprises, a wholesale automobile dealership located in Manheim, Pennsylvania. Appellant Moskal was Davis' office manager. Appellant Smith, along with Curman "Buddy" Dickens, was one of the principal owners and operators of Buddy's Auto Sales, a wholesale automobile dealership located in Chesapeake, Virginia.

Evidence was presented at trial that Dickens regularly received Federal Express packages containing automobile certificates of title from Al Davis Enterprises in Pennsylvania. Dickens and his wife would then apply for Virginia certificates for those automobiles in the name of their dealership, Buddy's Auto Sales, at the mileage listed on the titles, which had already been altered. A "washed" title is typically listed in the name of someone other than the true owner and is obtained in a different state than the one that issued the high mileage title. The "washed" Virginia titles were then returned to Davis, sent either by Federal Express or personally delivered by Smith or Dickens. Davis paid Smith and Dickens a fee of $100 per title for this service. Once Davis received the now "washed" Virginia certificates, he distributed them to area dealers who had provided the titles to him, and charged these dealers a fee for the title washing service. Ultimately, the vehicles with the rolled back odometers and "washed" titles were sold to innocent third parties.

The underlying substantive counts in the indictment related to two automobiles, a 1982 Mazda and a 1984 Ford. Davis purchased the Mazda with 72,472 miles on the odometer, obtained a Pennsylvania title in his name with that mileage, and sent the title to Buddy Dickens in Virginia. A "paid" stamp had been placed on the face of the Pennsylvania title concealing the mileage figure of 72,472, and Mrs. Dickens was able to obtain a new "washed" title in the name of Buddy's Auto Sales showing mileage of 42,703 miles, the figure that had been entered on the back of the Pennsylvania title. After receiving the "washed" Virginia title to the automobile, Davis executed the back of the title to make it appear as though he had purchased the car from Buddy's Auto Sales. Title to the 1984 Ford was "washed" in a similar manner through the Dickens' operation, with the exception that the mileage was altered on the Maryland title that was used to effect the sale to Davis. Davis sold both cars to one Mark Angelo, who sold the cars to another dealer, John Todak. Todak applied for Pennsylvania titles using the "washed" titles and sold the Mazda to innocent customers.

## DISCUSSION

The primary issue on appeal is whether an automobile certificate of title containing false mileage and ownership information constitutes a "falsely made" security under 18 U.S.C. § 2314 (1988). The relevant portion of that statute prohibits anyone "with unlawful or fraudulent intent, transport[ing] in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered or counterfeited...." Appellants contend that although the "washed" certificates may contain incor-

rect information, they are not "falsely made" because they were made and issued by the Commonwealth of Virginia and are genuine documents that contain a false statement of fact.

■ Some courts agree with this proposition, finding that "falsely made" relates to the genuineness of the document, and not the falsity of its contents. *See United States v. Sparrow*, 635 F.2d 794 (10th Cir. 1980), *cert. denied*, 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 209 (1981); *United States v. Rudge*, 474 F.Supp. 360 (S.D.Iowa 1979). Other courts hold that documents validly issued containing material false information are "falsely made" for purposes of § 2314. *See United States v. Cotoia*, 785 F.2d 497 (4th Cir.1986); *United States v. Daly*, 716 F.2d 1499 (9th Cir.1983); *United States v. Kauffman*, 670 F.Supp. 134 (M.D. Pa.1985), *aff'd by judgment order*, 782 F.2d 1032 (3d Cir.1985), *see also United States v. Mitchell*, 588 F.2d 481 (5th Cir.), *cert. denied*, 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979).

■ The latter, we believe, is the better rule. Stated mileage is a material part of a title certificate. The fact that valid title is transferred by the certificate does not vitiate the fraud that is foisted on the unsuspecting customer when the falsely made document is introduced into commerce. *See Cotoia*, 785 F.2d at 501; *Daly*, 716 F.2d at 1509. We have no doubt that "the purpose of the term 'falsely made' was to ... prohibit the fraudulent introduction into commerce of falsely made documents regardless of the precise method by which the introducer or his confederates effected their lack of authenticity...." *Mitchell*, 588 F.2d at 484 (quoting *United States v. Huntley*, 535 F.2d 1400, 1402 (5th Cir. 1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1548, 51 L.Ed.2d 773 (1977)). Further, the decision in *United States v. Kauffman*, 670 F.Supp. 134 (M.D.Pa.1985), *aff'd by judgment order*, 782 F.2d 1032 (3d Cir.

1985), is especially persuasive in resolving this issue in the Third Circuit.

■ Appellants also contend that their convictions under 18 U.S.C. § 513 [1] should be vacated because the state title certificate was not "counterfeited" as defined in the statute. Section 513 provides that "the term 'counterfeited' means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety." 18 U.S.C. § 513(c)(1) (1986). Such definition includes a document that has been *falsely made* in its entirety. Having decided, as a matter of law, that the "washed" certificates were "falsely made" under § 2314, there is ample evidence in the record to support the conclusion that appellants caused the Virginia title certificates to be "falsely made" in their entirety under § 513.

Appellants' final contention that the district court's instructions to the jury were inadequate is without merit. The judgments of conviction are accordingly affirmed.

---

**1.** 18 U.S.C. § 513(a) (Supp. V 1987) provides "Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both."