NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-1723

———

UNITED STATES OF AMERICA

v.

RAHIEM BROOKS,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00696-001)
District Judge: Honorable Gene E. K. Pratter

———

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2010

Before:  SLOVITER, BARRY and SMITH, Circuit Judges

(Filed September 20, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge*.

Appellant Rahiem Brooks was convicted by a jury on six counts of uttering and possessing counterfeit securities in violation of 18 U.S.C. § 513(a). Brooks asserts that there was insufficient evidence to prove that he was guilty of the crime charged. He also asserts that the District Court's jury instructions were improper. We will affirm the judgment of conviction.[1]

## I.

Brooks readily concedes that he used six false checks, each "made to look and be accepted like a check written on conventional PNC Bank personal checking accounts." Appellant's Br. at 2-3. The checks included Brooks' authentic name and address, but the account and routing numbers were fraudulent and represented no actual account that existed at PNC Bank. He passed these six checks at Philadelphia area retail stores and fraudulently purchased various merchandise, some of which Brooks thereafter returned for cash. For this conduct the jury convicted him of six counts of "[u]ttering and

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231 and we have appellate jurisdiction under 28 U.S.C. § 1291. We apply a "particularly deferential" standard of review when deciding whether a jury verdict rested on sufficient evidence. *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (citation and internal quotation marks omitted). We view the evidence in the light most favorable to the Government and will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation and internal quotation marks omitted).

possessing counterfeit securities" under 18 U.S.C. § 513(a).  Supp. App. at 1.

## II.

Brooks' bases for appeal are the following:  he contends that he did not violate § 513(a) because, as he puts it, "[t]he Government charged [him] with the wrong crime." Appellant's Br. at 9.  That is, he asserts that his conduct was not forgery because he "signed all six checks using his own true name," Appellant's Br. at 12, and that the checks were not counterfeit because "a counterfeiting conviction is not sustainable just because the evidence was sufficient to permit the jury to find that [Brooks] had uttered and possessed . . . checks made from scratch without . . . an account," Appellant's Br. at 17.  He further contends that § 513 does not cover personal checks.  Finally, Brooks asserts that the District Court improperly instructed the jury on the elements of counts one through six of the indictment, and abused its discretion by instructing the jury that they could find Brooks guilty if he violated the "forgery" and "counterfeit" elements of § 513(a).

Section 513(a) provides that "[w]hoever makes, utters or possesses a counterfeited security of . . . an organization, or whoever makes, utters or possesses a forged security of . . . an organization, with intent to deceive another . . . shall be fined . . . or imprisoned . . . ."  18 U.S.C. § 513(a).  The statute defines key terms, providing that "the term 'counterfeited' means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety," *id.* § 513(c)(1); "the term 'forged'

3

means a document that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed, or contains a false addition thereto or insertion therein, or is a combination of parts of two or more genuine documents," *id.* § 513(c)(2).

It was the Government's burden to produce sufficient evidence that Brooks' checks were either forgeries or counterfeits. Brooks avers that "there can be no doubt that the checks written by . . . Brooks qualify as genuine" because "[t]he instruments 'purport[] to be' checks written by . . . Brooks as an account holder at PNC Bank, and that is precisely what they were." Appellant's Br. at 12. This argument is without merit.

To the contrary, we agree with the Government that "[e]ach check . . . 'purported' to be but was not a genuine PNC Bank check drawn on an existing PNC Bank account . . . ." Appellee's Br. at 19. The remaining element of the statutory definition of "counterfeit" is that the checks were "falsely made or manufactured in [their] entirety." 18 U.S.C. § 513(c)(1). We agree with the Government that "the checks were entirely false." Appellee's Br. at 19. They were manufactured from scratch with false account and routing numbers, representing that non-existent funds were available in a non-existent checking account. Although the checks contained Brooks' real name and signature, a conviction of uttering or possessing counterfeit documents under § 513(a) does not require the Government to prove that every aspect of the document is false. *See United States v. Davis*, 888 F.2d 283, 285 (3d Cir. 1989). The evidence was sufficient to convict Brooks of "utter[ing] or possess[ing] a counterfeited security . . . of an organization . . . ."

4

18 U.S.C. § 513(a).[2]

Brooks next contends that the District Court provided the jury with improper instructions because, although the Government acknowledged that it was not pursuing the argument that Brooks uttered or possessed forged checks, the District Court nevertheless instructed the jury:

> the indictment in this case alleges that the checks at issue were forged and counterfeited. It is not necessary that the Government prove that the checks were both forged and counterfeited. Instead, it is necessary that the evidence establish that the checks were one or the other . . . .

Supp. App. at 239. The District Court added that "[u]nder the statute Mr. Brooks is charged with violating – the term 'forged' means a document that purports to be genuine, but is not because it has been falsely altered, completed, signed or endorsed." Supp. App. at 241.

The Government concedes that Brooks objected to these instructions and so our review is for abuse of discretion and to determine "'whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury.'" *United States v. Zehrbach*, 47 F.3d 1252, 1264 (3d Cir. 1995) (quoting *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987)).

---

[2] Brooks' argument that § 513 "does not cover personal checks" is without merit. Appellant's Br. at 18 (emphasis omitted). The statute could hardly be clearer. *See* 18 U.S.C. § 513(c)(3)(A) (defining the term "security" as, among other things, "a . . . check . . . .").

Brooks is correct inasmuch as "a jury should not be instructed on an issue for which there is so little evidentiary support that no rational jury could accept it." *Tammi v. Porsche Cars N. Am., Inc.*, 536 F.3d 702, 708 (7th Cir. 2008) (alteration, citation, and internal quotation marks omitted). Even were the District Court's instruction on a forgery theory of liability superfluous, we find no abuse of discretion as the charge as a whole fairly and adequately submitted the issues in the case to the jury. *See Zehrbach*, 47 F.3d at 1264.

In *Griffin v. United States*, the Supreme Court, in affirming a jury's verdict of conviction, stated that

> if the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an instruction removing that theory from the jury's consideration. The refusal to do so, however, does not provide an independent basis for reversing an otherwise valid conviction.

502 U.S. 46, 60 (1991). We agree with the Government that "[t]his case falls squarely within the confines of *Griffin* . . . ." Appellee's Br. at 39.

Moreover, we are persuaded that the jury was not misled or confused by the District Court's arguably superfluous instructions because the Government never argued that the checks were forged. In its closing argument, after discussing other elements of the crime such as whether the retail stores' operations affect interstate commerce, the Government stated "there are really only two issues left . . . . Were these checks counterfeit, and did [Brooks] use them with the intent to deceive?" Supp. App. at 211.

6

The verdict form described each of the six counts as "Possessing and Uttering *Counterfeit* Securities." Supp. App. at 26 (emphasis added). The verdict form did not even mention forgery. We can assume that the jury convicted on the factually sufficient theory of liability. *See United States v. Syme*, 276 F.3d 131, 144 (3d Cir. 2002).

The only remaining issue is whether the District Court committed plain error when it did not submit to the jury a special verdict form asking it to unanimously vote on whether Brooks "uttered" or "possessed" the checks at issue. We discern no error, let alone an error that was obvious and affected Brooks' substantial rights. *See Johnson v. United States*, 520 U.S. 461, 467 (1997).

### III.

For these reasons, we will affirm the District Court's judgment of conviction.